553 A.2d 87

**In the Interest of Matthew SPAUSE. (Two Cases)**

**Appeal of Matthew SPAUSE. (Two Cases)**

Superior Court of Pennsylvania.

Argued Dec. 8, 1988.
Filed Jan. 27, 1989.

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Com.

Before CIRILLO, President Judge, and BECK and KELLY, JJ.

CIRILLO, President Judge:

This is an interlocutory appeal taken by Matthew Spause, a juvenile, following the denial of his motion to dismiss the prosecution of two juvenile delinquency petitions, involving rape of his four-year old niece and escape from a shelter in which he had been placed pending the proceedings on the

rape petition. Spause's motion to dismiss was based upon double jeopardy grounds.

On September 26, 1987, the Commonwealth filed a juvenile petition seeking adjudication for rape, involuntary deviate sexual intercourse, indecent assault, indecent exposure, simple assault, endangering the welfare of a child and intimidation of a witness ("rape petition"). Spause was placed in a shelter pending the proceedings in Juvenile Court. He, however, escaped from the shelter and on October 10, 1987, the Commonwealth filed a second petition charging Spause with the escape ("escape petition"). On November 4, 1987, the two petitions came before the Honorable Edward R. Summers and he found that the Commonwealth's witnesses with respect to the rape petition were incompetent to testify. Consequently there was no adjudication of the delinquency of Spause.

On November 16, 1988, the petitions again came before Judge Summers at which time the court found Spause to be 'dependent' and committed him to George Junior Republic, a residential juvenile institution. On December 7, 1988, the Commonwealth filed a petition to reconsider the dependency declaration wherein it averred that the court committed Spause to George Junior Republic as a dependent child without a dependency petition having been filed and without following the statutory requirements regarding dependency determination. Thereafter Spause filed a reply to this petition.

Apparently, at some point during these proceedings, the court expressed an interest in reopening the competency hearing on the rape petition and asked the parties involved to submit briefs on this issue. The Commonwealth and the public defender both filed memoranda in response to the court's request. On February 26, 1988, a hearing was held where the Commonwealth asked the court to rule on the competency issue and the petition to reconsider the dependency adjudication. The public defender, on the other hand, asked the court to dismiss prosecution of the petition on double jeopardy grounds. It appears from the hearing

transcript that the public defender was contending that a reopening of the competency hearing would violate Spause's right not to be placed twice in jeopardy. The Commonwealth stated that if the court decided to reopen the competency hearing that it would not argue the adjudication of dependency. During the hearing, Judge Summers stated that he was going to allow the reopening of the competency hearing under the conditions set forth in *Commonwealth v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (1987) *app. granted*, 518 Pa. 617, 541 A.2d 744 (1988). In so ruling, the court denied the public defender's motion to dismiss the prosecution on grounds of double jeopardy. The public defender notified the judge of his intention to appeal the double jeopardy issue and the court granted a stay of the delinquency proceedings pending his appeal.

On March 4, 1988, a notice of appeal was filed. Spause submitted a statement of issues complained of on appeal wherein he argues only that his double jeopardy rights have been violated. The two petitions were consolidated for appeal by this court upon Spause's motion. On August 22, 1988, this court denied Spause's petition for extension of time in which to file a brief. Spause requested an extension because he had allegedly been unable to obtain a transcript of the notes of testimony taken on November 16, 1987. We found that Spause had never ordered the transcript and determined that he did not have good cause for receiving an extension or a remand for completion of the record. *See* Pa.R.A.P. 1911.

Spause raises two issues for our consideration on appeal. He argues: (1) that he would be placed in double jeopardy if a new adjudicatory hearing was held on the juvenile petitions when he had been previously adjudicated dependent without objection by the Commonwealth and was committed to George Junior Republic, and (2) that this court acted improperly by denying his petition for extension of time for filing his appellate brief when that petition established his counsel's diligent yet futile efforts to secure a hearing transcript necessary to the fair resolution of this appeal and

by giving him notice of this denial on the day before his brief was due.

■ Although this appeal, which is from a denial of Spause's motion to dismiss prosecution on the grounds of double jeopardy which the court decided on February 26, 1988, is an interlocutory appeal, we find that it is permitted under *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986). In *Brady* the supreme court stated:

> We therefore conclude that an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion was frivolous. Absent such a finding, an appeal may be taken from the denial of the motion.

*Id.*, 510 Pa. at 346, 508 A.2d at 291.

It appears from the transcript of the hearing on February 26, 1988 and from Judge Summers' opinion itself, that the trial court believes that the issue of whether jeopardy attaches to a competency hearing conducted within a juvenile proceeding is not frivolous. Spause, does not, however, argue this issue on appeal to this court. He argues that jeopardy attached after Judge Summers determined, on November 16, 1988, that he was dependent on the basis of the rape and escape petitions. Essentially, in both arguments Spause is claiming that jeopardy has attached and that to proceed any further on the adjudication of the rape and escape petitions would violate the prohibition against double jeopardy. Thus since Judge Summers did not make a finding of frivolousness on the issue of whether jeopardy attached as a result of the dependency adjudication and the February 26, 1988 transcript is unclear as to whether this dependency issue was actually considered, we conclude that the issues are similar in nature and will hear the merits of this appeal.

We make our conclusion noting that *Brady* did not involve a criminal juvenile proceeding. However, we find that the court's reasons, in *Brady*, for permitting an immediate appeal when a motion to dismiss on double jeopardy

grounds has been denied, are equally applicable in the context of juvenile proceedings. Our supreme court stated:

The obvious effect of a rule which does not permit an interlocutory appeal of certain double jeopardy claims is that some defendants may be tried notwithstanding a contention that the retrial itself violates double jeopardy principles. However where the double jeopardy claim advanced is obviously frivolous, an interlocutory appeal will serve only to delay prosecution. The defendant will have the opportunity to initially assert his claim before a tribunal and retrial is not permitted unless the claim is shown to the satisfaction of that court to be frivolous. Further, a defendant may challenge the finding of frivolousness in the context of a request for a stay from an appellate court. Moreover, there will be an appellate review of the merits of the claim on direct appeal following retrial. Such an approach will provide full protection for a legitimate double jeopardy claim and at the same time afford some degree of assurance that this right will not be abused. Admittedly, it is conceivable that a legitimate claim may on rare occasions be overlooked by both a hearing court and the appellate court in which a stay is sought. Such a risk is at best minimal and in any event counterbalanced by the numerous meritless claims that will be identified and excluded. The priority for an expeditious disposition of criminal cases justifies this minimal risk.

*Id.*, 510 Pa. at 345, 508 A.2d at 291.

■ With respect to Spause's first issue he claims that his adjudication as a dependent on the basis of both the rape and escape petitions was proper, and that the Commonwealth did not object to dependency adjudication and commitment to George Junior Republic. He alleges that he entered a guilty plea "by simply indicating a willingness to enter an admission or by not contesting the dependency determination," and that when the court accepted his guilty plea, jeopardy attached. Based on these averments he concludes that "allowing a new juvenile prosecution follow-

ing [his] adjudication and commitment, particularly in the absence of any objection by the Commonwealth, would violate [his] privilege against double jeopardy as guaranteed by the state and federal constitutions." We disagree.

In juvenile proceedings, jeopardy attaches if the object of the proceeding is to determine whether the juvenile "has committed any acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years." *In the Interest of Stephens*, 501 Pa. 411, 461 A.2d 1223, 1226 (1983), *cert. denied* 466 U.S. 954, 104 S.Ct. 2163, 80 L.Ed.2d 547 (1984). First we note that an adjudication of dependency is not criminal in nature. A child may be adjudicated dependent when clear and convincing evidence enables the court to make a certain determination that the child is without proper parental care and that such care is not immediately available. 42 Pa.C.S. § 6351; *see also* 25 Standard Pa. Practice § 131.59 (1984). An adjudication of delinquency, however, requires proof beyond a reasonable doubt that the juvenile committed the delinquent acts and that the juvenile is in need of supervision of rehabilitation. *In the Interest of Dreslinski*, 254 Pa.Super. 539, 386 A.2d 81 (1978).

Second, the purpose of juvenile proceedings is to seek treatment and rehabilitation of the juvenile; it is not to punish. *In the Interest of Leonardo*, 291 Pa.Super. 644, 436 A.2d 685 (1981). The double jeopardy prohibition prevents an accused from being *punished* twice for the same offense. *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981); *see also* 26 Standard Pa. Practice § 132.68 (1987). We do not agree that Spause has been punished for the acts of delinquency charged in the petitions. Thus, we find that jeopardy did not attach when Spause was adjudicated dependent and conclude that his argument is meritless.

■ In his second issue, Spause claims that this court improperly denied his petition requesting an extension of time to file his appellate brief or a remand to complete the

record. This petition was filed because Spouse allegedly tried to obtain the transcript of the November 16, 1987 hearing before his appellate brief was due, but he was unsuccessful.

According to Pa.R.A.P. 2185,[1] an appellant generally has forty days after the record is filed in which to file his appellate brief. The granting of extensions of the time provided for in Pa.R.A.P. 2155 is within the discretion of this court. It is the appellant's duty to ensure that a transcript is ordered. Pa.R.A.P. 1911. As we have stated above, because Spouse never ordered the transcript, he has failed to show good cause why an extension should have been granted. Thus Spouse's allegations of impropriety on the part of this court are clearly devoid of merit.

We affirm the order denying Spouse's motion to dismiss the prosecution on double jeopardy grounds.

---

1. Pa.R.A.P. 2185 provides in pertinent part:
   (a) **General Rule.** The appellant shall serve his brief not later than the date fixed pursuant to subdivision (b) of this rule, or within 40 days after the date on which the record is filed, if no other date is so fixed.