J-A14004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: G.I.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: G.I.C. | No. 921 WDA 2020 |

Appeal from the Dispositional Order Entered July 28, 2020
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s): CP-02-JV-0002237-2019

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:         **FILED: JULY 9, 2021**

G.I.C. (Appellant) appeals from the dispositional order[1] entered after the juvenile court adjudicated him delinquent of disorderly conduct.[2] Upon review, we vacate the order and direct the dismissal of charges with prejudice.

The juvenile court recounted the procedural history as follows:

On December 30, 2019, [Appellant] was arrested and charged with one count of False ID (M3); one count of Retai[l] Theft (S); and one count of Disorderly Conduct (S). The Commonwealth filed a Delinquency Petition at docket number CP-02-JV-2237-2019. At the time of being arrested and charged, [Appellant] was already on electronic monitoring for a prior delinquent charge. On July 28, 2020, this [c]ourt held an Adjudicatory Hearing[.]

---

[1] In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent. *See Commonwealth v. S.F.*, 912 A.2d 887, 888-89 (Pa. Super. 2006).

[2] The juvenile court adjudicated Appellant of misdemeanor (as opposed to summary) disorderly conduct. *See* 18 Pa.C.S.A. §§ 5503(a)(4) and 5503(b).

\* \* \*

After the Commonwealth rested on their case, defense counsel made a Motion for Judgment of Acquittal regarding the charge of Retail Theft, as well as the charge of Disorderly Conduct. This [c]ourt denied the request for dismissal on the count of Retail Theft, but dismissed the Disorderly Conduct charge. [Appellant] did not call any defense witnesses. Rather, defense counsel stated she just had argument. After both [Appellant] and the Commonwealth made their arguments, this [c]ourt asked all witness[es] and parties to briefly step outside the courtroom. . . . This [c]ourt gave defense counsel the opportunity to step into the hallway to speak with her client about an offer prior to making its ruling. Defense counsel indicated, "in speaking with [Appellant's] mom, she would just – she would prefer Disorderly Conduct over a False Identification. I don't think [the Commonwealth] has a position one way or the other." At that time, this [c]ourt made its ruling to adjudicate [Appellant] on the charge[] of Disorderly Conduct.[3]

On July 31, 2020, [Appellant] filed a Post-Dispositional Motion asking this [c]ourt to reconsider the conditions of supervision. . . . On August 3, 2020, the Motion for Reconsideration was denied by this [c]ourt.

On September 8, 2020, [Appellant] filed a Notice of Appeal to the Superior Court. [Appellant] has failed to file a Concise Statement of Errors Complained on Appeal.

Juvenile Court Opinion, 10/8/20, at 2-8 (citations to notes of testimony omitted).

We first address and clarify the juvenile court's statement that Appellant "failed to file a Concise Statement of Error Complained on Appeal." **See id.** at 8 ("Due to [Appellant's] failure to file [a] Concise Statement of Errors Complained on Appeal, this [c]ourt is uninformed of the alleged concise issues

---

[3] The Commonwealth withdrew the charges of false identification to law enforcement and retail theft. **See** Dispositional Order, 7/28/20, Exhibit A.

raised on his appeal."). The record indicates the juvenile court did not order Appellant to file a concise statement. *See Commonwealth v. Antidormi*, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) ("The requirements of Rule 1925(b) are not invoked in cases where there is no court order directing an appellant to file a Rule 1925(b) statement. The court must order a concise statement of errors complained of on appeal and appellant must fail to comply with such directive before this Court can find waiver.") (citations omitted). Thus, Appellant's issue is preserved for our review.

Appellant presents the following question:

> Whether the evidence was insufficient as a matter of law to support [Appellant's] adjudication for misdemeanor Disorderly Conduct pursuant to 18 Pa.C.S.A. § 5503(b)?

Appellant's Brief at 7.

Appellant challenges the sufficiency of the evidence. Our standard of review is well-settled:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a [juvenile]'s innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*Interest of D.J.B.*, 230 A.3d 379, 386 (Pa. Super. 2020) (citation omitted).

Appellant argues the "Commonwealth's evidence was insufficient to establish a violation of Section 5503(a)(4)," and therefore, his "adjudication for misdemeanor [d]isorderly [c]onduct is unsustainable as a matter of law[.]" Appellant's Brief at 23.

The relevant statute provides:

**(a) Offense defined.** -- A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . .

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**(b) Grading.** -- An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

18 Pa.C.S.A. § 5503(a)(4), (b).

Our Supreme Court has explained:

whether a [person]'s words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance. The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder.

*Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999) (citation omitted).

- 4 -

Pertinently, the Commonwealth "is in agreement with [A]ppellant that there is insufficient evidence in the record to establish that [A]ppellant committed a disorderly conduct graded as a third-degree misdemeanor offense." Commonwealth Brief at 16. The Commonwealth reasons:

> Based upon [Ross Township Police Officer Balaz Deveny's] testimony, the evidence was insufficient to establish a disorderly conduct charge under Section 5530(a)(4), specifically, that [A]ppellant created a "hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). Although a clothing store employee did require officer assistance while [A]ppellant was in the store and then [A]ppellant had to be followed, confronted, detained, and questioned for a suspected retail theft, following which he was found to be in possession of clothing that had no receipt or indication of payment, there was no evidence offered at the hearing that [A]ppellant created "a hazardous or physically offensive condition" during the scope of that incident. Furthermore, if there was insufficient evidence to establish that [A]ppellant committed a disorderly conduct as described in Section 5503(a)(4), then there was also insufficient evidence to establish that [A]ppellant committed a disorderly conduct under Section 5503(b), where Section 5503(b) is a grading section of the statute and does not provide an independent basis for an adjudication of disorderly conduct outside of that which is described in Section (a). **See generally Commonwealth v. Fedorek**, 946 A.2d 93, 99 (Pa. 2008) ("Subsection (b) of the statute addresses the issue of how the offense, once established, is to be graded for purposes of sentencing").

*Id.* at 23-24.

Viewing the record in a light most favorable to the Commonwealth, we agree the evidence was insufficient to support Appellant's disorderly conduct adjudication. Officer Deveny was the only Commonwealth witness to offer

relevant testimony. *See* N.T., 7/28/20, at 1-48.[4] The juvenile court summarized:

> Officer Deveny is employed by the Ross Township Police Department, and was working detail at Ross Park Mall in full police uniform. Officer Deveny testified that on December 30th, he "was walking around the mall patrolling when he was flagged down by an employee of the Rally House, which is like a sports clothing store in Ross Park Mall." N.T., 7/28/20, at 4. Officer Deveny received information that there was a group of males carrying backpacks who were suspected of stealing clothing in a retail store. *Id.* at 5. Officer Deveny further testified,
>
> > I waited until the males left the store, and then I began to follow the[m], and I eventually caught up with them around center court of Ross Park Mall. I identified myself, asked if I could speak to them about the incident, and asked if they stole anything from Rally House. I asked if I could search their bags. Without any further comment, they all began opening their bags. *Id.* at 6.
>
> Officer Deveny identified [Appellant] as one of the three [males]. Officer Deveny continued to testif[y], "So [Appellant], he unzipped a pocket on his backpack, and I observed – he stated there was only money in there, and I observed that there was actually [a] knotted bag containing a small amount of suspected marijuana in that pocket." *Id.* at 7. The three [males] were taken to the police substation for further investigations. Officer Deveny testified,
>
> > I observed Officer Zagar searching [Appellant's] backpack. He located two suspected items that were stolen from Rally House, a windbreaker jacket and a zip pullover sweater. He also located a cigarette, and you could actually see the marijuana inside the cigarettes. *Id.* at 10.

---

[4] The Commonwealth also introduced the testimony of Probation Officer Eric Wasinski. *See* N.T., 7/28/20, at 33-38. However, Officer Wasinski did not testify until the rehabilitation phase of the hearing, after the court had adjudicated Appellant delinquent of disorderly conduct. *Id.* at 32-33.

Officer Deveny continued, at some point, he patted down [Appellant] and at that time "he noted that [Appellant] had an ankle monitor on his leg." ***Id.*** at 10.

Officer Deveny testified, "[Appellant] initially identified himself as Greg McPherson. He didn't provide his correct date of birth. However, he did provide a mailing address that was a few digits off from his real mailing address." ***Id.*** at 11. Officer Deveny continued,

> I informed all three individuals that they were under official investigation for violation of the law and that providing false [identification] of their identity could result in transport to Shuman [Juvenile Detention Center]. They all assured me, and I confirmed that the information they provided was – what they were saying was true and accurate. ***Id.*** at 11-12.

Once contacting Shuman, Officer Deveny learned [Appellant] had given a false name, an incorrect date of birth, and an incorrect address. ***Id.*** at 13. [] Once [Appellant] was confronted with the information obtained from Shuman, he then provided his correct identification to Officer Deveny. ***Id.*** at 16.

Juvenile Court Opinion, 10/8/20, at 2-4.

Officer Deveny's testimony was insufficient to support Appellant's adjudication of disorderly conduct. In fact, the juvenile court initially dismissed that charge. ***See*** N.T., 7/28/20, at 20 ("In regard to disorderly conduct, that is dismissed."); ***see also*** Appellant's Brief at 23; Commonwealth Brief at 23-24. Nonetheless, our review confirms Officer Deveny never indicated Appellant "created a 'hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.'" Commonwealth Brief at 23-24 (citing 18 Pa.C.S.A. § 5503(a)(4)).

Also, Officer Deveny never indicated Appellant engaged in "public unruliness which c[ould] or d[id] lead to tumult or disorder." ***Hock***, 728 A.2d at 946. Officer Deveny testified that when he asked the three individuals if he could search their bags, "[w]ithout any further comment, they all began opening their bags." N.T., 7/28/20, at 6; ***see also id.*** at 17 (Officer Deveny testifying Appellant was "relatively compliant"). "It is well-settled that the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people; it is not to be used as a dragnet for all the irritations which breed in the ferment of a community." ***See also Commonwealth v. Pennix***, 176 A.3d 340, 345 (Pa. Super. 2017) (citations omitted). Thus, the juvenile court erred in adjudicating Appellant of disorderly conduct.

Consistent with the foregoing, we vacate the dispositional order. We also direct the dismissal of remaining charges with prejudice. The Pennsylvania Constitution provides that no person "shall, for the same offense, be twice put in jeopardy of life or limb." Pa.Const. Art. 1, § 10. "The Double Jeopardy Clause bars retrial after a defendant's conviction has been overturned because of insufficient evidence." ***Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007) (citations omitted). "[T]he constitutional protection against being placed twice in jeopardy applies to proceedings before the juvenile court." ***In Interest of Morrow***, 583 A.2d 816, 818 (Pa. Super. 1990) (citation omitted). "In juvenile proceedings, jeopardy attaches if the object of the proceeding is to determine whether the juvenile has committed any acts that violate a criminal law[.]" ***In Interest of Spause***,

553 A.2d 87, 90 (Pa. Super. 1989) (citation omitted). Therefore, "jeopardy attaches once testimony has commenced at a juvenile's adjudicatory hearing." *Morrow*, 583 A.2d at 818 (citation omitted).

Here, jeopardy attached when Officer Deveny testified at the adjudicatory hearing, and Appellant may not be "re-adjudicated." *Mullins*, 918 A.2d at 85. Accordingly, any remaining charges at the underlying docket shall be dismissed with prejudice.

Dispositional order vacated. Charges dismissed with prejudice. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021