COMMONWEALTH of Pennsylvania, Appellant,

v.

In the Interest of D.M., Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 25, 2004.

Filed March 7, 2005.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Forunato, P., Philadelphia, for appellee.

BEFORE: JOYCE, STEVENS, and ORIE MELVIN, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered by the Court of Common Pleas of Philadelphia County on December 5, 2003, discharging six juvenile petitions against D.M. Herein, the Commonwealth contends that the court abused its discretion and ignored the spirit and purpose of the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365, by failing to afford D.M. rehabilitative treatment on the six petitions for which he admitted culpability. We vacate and remand for proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history of this case are as follows: Over a six-day period in July of 2003, fifteen-year-old D.M. and cohort M.M. were involved in a series of car thefts in Philadelphia and Bucks Counties.[1]  On September 2, 2003,

---

1.  The exploits of D.M. and M.M., which were summarized by the Commonwealth and uncontroverted by D.M., are as follows:

    [D.M.'s] crime spree began on July 16, 2003, when he and his cohort stole Roxanne Buskirk's 1991 Dodge Caravan from a shopping center parking lot on Bustleton Avenue in Philadelphia and abandoned it elsewhere.

    Two days later, on July 18, 2003, co-defendant M.M. stole Roman Baron's 1991

Dodge Caravan from the front of his residence in Philadelphia, causing $750 in damage to the steering column and ignition and stealing his tools.  M.M. abandoned Mr. Baron's car at the Korman Suites in Bensalem, where he and [D.M.] stole Robin Fulmer's 1995 Dodge Neon, damaging its steering column and ignition.  That same day, [D.M.] stole Rose Martin's 1994 Plymouth Voyager from in front of her home in Philadelphia, causing $600 in damage by

D.M. was charged on eight separate delinquent petitions. At a hearing held on October 15, 2003, D.M. admitted to, *inter alia,* sixteen (16) felony counts in connection with the eight (8) car thefts. The court adjudicated D.M. delinquent on two of the petitions, finding that he was in need of supervision, treatment, and rehabilitation on those particular cases. As to the remaining six petitions, the court deferred adjudication in order to afford D.M. an opportunity to perform community service and make restitution on the two petitions for which he was adjudicated delinquent.

¶ 3 Thereafter, on October 29, 2003, the Commonwealth filed a Petition to Reconsider Adjudication of Delinquency, contending that D.M. should have been adjudicated delinquent on all offenses to which he admitted culpability. At a hearing held on December 5, 2003, the court placed D.M. on probation on the two adjudicated

petitions and, finding that earlier community service and restitution goals were met, dismissed the six deferred adjudications, stating, *inter alia,* the following:

> On these [deferred] adjudications I do not find that this child is in need of any additional supervision, treatment, and rehabilitation on any of these cases, subject to argument, because he is—this Court provided him with what he needs on the other petition, as far as this Court is concerned, consistent with the Juvenile Act.

N.T. 12/5/03 at 15–16. The Commonwealth appealed the court's dismissal of the deferred adjudications.[2]

¶ 4 As noted above, the Commonwealth claims that the court abused its discretion and ignored the spirit and purpose of the Juvenile Act by failing to afford D.M. rehabilitative treatment on all

---

breaking the rear window and damaging her ignition.

The next day, July 19, 2003, [D.M.] picked up M.M. in Ms. Martin's van and the two boys drove to the Korman Suites in Neshaminy, Bucks County, where they abandoned the van and stole Brook Gulich's 1997 Dodge Neon.

On July 20, 2003, [D.M.] and M.M. abandoned Mr. Gulich's car and stole John Ryan's 1991 Dodge Spirit from 9800 block of Clark Street in Philadelphia, causing $295 in damage to the car.

On July 21, 2003, [D.M.] stole Rosina Glickman's 1993 Dodge Caravan from her home on Krewstown Road in Philadelphia and abandoned it in Bensalem, Pennsylvania. There, [D.M.] stole a 1997 Dodge Neon belonging to James Sullivan. D.M. caused $1527.15 in damage to the car's tires, ignition and door. [D.M.] picked up M.M. in the stolen Neon and the boys drove to a parking lot on Ditman Street in Philadelphia, where M.M. stole Nancy Covey's 1995 Neon, causing $3350 in damages to its body and ignition. The boys then abandoned Mr. Sullivan's car on City Line Avenue in Philadelphia.

On July 22, 2003, [D.M.] stole Samuel Hansen's 1994 Dodge Caravan from 9500 block of Dungan Road in Philadelphia, causing $395.00 in damages to it. He later abandoned the van behind an auto body shop on Bustleton Avenue.

The crime spree ended on July 22, 2003, when police apprehended M.M. and an associate driving Kim Cheng's stolen 1993 Dodge Voyager from Marlborough Drive in Philadelphia, after a brief car and foot chase.

Brief of Commonwealth at 3–4.

2. The Commonwealth filed a statement of matters complained of on appeal to which the court issued an Opinion in accordance with Pa.R.A.P. 1925(a). Therein, although the court addressed the matter at issue in the present appeal, it stated, *inter alia,* that it "has been placed in a quandary by the failure of the Commonwealth to set forth 'a concise statement of the matters complained of' per Pa.R.A.P. 1925(b)." Opinion filed 5/17/04 at 3. In that there is nothing in the record to indicate the court ordered the Commonwealth to file such statement, the Commonwealth was not obligated to do so. *See* Pa.R.A.P. 1925(b).

petitions to which he admitted culpability. In support of its contention, the Commonwealth argues that a petition alleging that a child is delinquent must be handled in accordance with the dictates of the Juvenile Act.

 ¶5 We note that when interpreting a statute, our courts must give plain meaning to the words therein. See 1 Pa.C.S.A. §§ 1901, 1903. "It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Commonwealth v. Engle,* 847 A.2d 88, 91 (Pa.Super.2004), *quoting Commonwealth v. Tate,* 572 Pa. 411, 413, 816 A.2d 1097, 1098 (2003).

¶6 In support of its position, the Commonwealth points, *inter alia,* to § 6341 of the Juvenile Act, which provides, in pertinent, as follows:

(a) **General rule.**—After hearing the evidence on the petition [for delinquency] the court shall make and file its findings as to whether ... the acts ascribed to the child were committed by him. If the court finds that ... the allegations of delinquency have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding....

(b) **Finding of delinquency.**—If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it **shall** enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed.... In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony **shall** be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation.

42 Pa.C.S.A. § 6341(a) and (b) (emphasis added).

¶7 As evidenced by the foregoing, the Juvenile Act requires the court to adjudicate a child delinquent when it is proven that the child, in fact, committed the acts which formed the basis of the petition for delinquency. Herein, D.M. entered admissions to each of the eight petitions charging him, *inter alia,* with sixteen (16) felony offenses (eight counts of receiving stolen property and eight counts of conspiracy). In the face of such unequivocal evidence, we find that the court erred in dismissing the six petitions in question. Consequently, we vacate the court's order and remand for proceedings consistent with this decision.

¶8 Vacated; Remanded for Further Proceedings; Jurisdiction Relinquished.