994 A.2d 620 (2010)
COMMONWEALTH of Pennsylvania, Appellant
v.
In the Interest of M.W., Appellee.
No. 2801 EDA 2007.
Superior Court of Pennsylvania.
Argued December 10, 2009.
Filed April 28, 2010.
Jennifer Andress, Assistant District Attorney, for appellant.
Carl Morgan, Public Defender, for appellee.
BEFORE: FORD ELLIOTT, P.J., STEVENS, MUSMANNO, BENDER, BOWES, GANTMAN, DONOHUE, SHOGAN, and ALLEN, JJ.
*621 OPINION BY MUSMANNO, J.:
¶ 1 The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the September 5, 2007 Order dismissing M.W.'s juvenile Petition. We granted en banc review to determine the proper procedure for entering an adjudication of delinquency under the Juvenile Act.[1] We vacate and remand for proceedings consistent with this Opinion.
¶ 2 On June 21, 2007, at approximately 12:00 a.m., M.W. and another youth approached Jed Michael ("Michael") as Michael was leaving McMenamin's Bar and Tavern and walking to his girlfriend's home. One of the youths asked Michael if he had change for a twenty dollar bill. Michael responded that he did not have change. Thereafter, one of the youths asked Michael to "come here for a minute." Michael refused to approach the youths and kept walking. M.W. and his cohort then followed Michael. Michael turned around to face the two youths and noticed that M.W. had put his hand behind his back, as if he had a weapon. M.W. then demanded that Michael give them his money. Michael hesitated, uncertain if M.W. was serious. M.W.'s cohort then instructed M.W. to "pop him." M.W. told his cohort to wait to see what Michael did. Michael then gave the youths sixteen dollars and Michael left the scene. Later that week, Michael was walking out of a fried chicken restaurant when he recognized M.W. among a group of young people. Michael immediately reported his sighting to two police officers on bicycles. The officers arrested M.W.
¶ 3 The Commonwealth filed a delinquency Petition charging M.W. with, inter alia, robbery and criminal conspiracy. On August 14, 2007, the case proceeded to an adjudicatory hearing before the Honorable Brenda Frazier-Clemons. Judge Frazier-Clemons found that the Commonwealth had met its burden of proving M.W.'s guilt beyond a reasonable doubt on the charges of robbery as a felony of the second degree and criminal conspiracy. However, Judge Frazier-Clemons deferred entering an adjudication of delinquency, instead placing M.W. on interim probation and ordering Department of Human Services reports and behavioral health examinations for disposition.
¶ 4 In the interim, the Honorable Robert R. Rebstock adjudicated M.W. delinquent on another Petition. In that case, M.W. was arrested for the theft of a motor vehicle on April 22, 2007. M.W. had initially been placed on a reporting consent decree because he was a first-time offender; however, M.W. was noncompliant with court supervision and was a fugitive when he committed the robbery of Michael. At the hearing, a probation officer recommended M.W.'s placement. Judge Rebstock then committed M.W. to St. Gabriel's Hall for treatment, rehabilitation, and supervision.
¶ 5 On September 5, 2007, Judge Frazier-Clemons dismissed the Petition arising out of the robbery of Michael because M.W. had been adjudicated on the other Petition and would receive treatment and supervision through that disposition. The Commonwealth filed a Motion to reconsider, which the juvenile court denied. The Commonwealth filed a timely appeal.[2]
¶ 6 The Commonwealth raises the following question for our review:

*622 May the juvenile court ignore the spirit and purpose of the Juvenile Act by refusing to afford [M.W.] rehabilitative treatment and discharging him without adjudication after finding him guilty of robbery at threat of gunpoint and criminal conspiracy, both felony offenses, and the record clearly showed that he was in need of treatment, supervision and rehabilitation?
Brief for the Commonwealth at 3.
¶ 7 The Commonwealth contends that the juvenile court abused its discretion and contravened the Juvenile Act by failing to adjudicate M.W. delinquent where Judge Frazier-Clemons found that M.W. had committed the acts alleged in the Petition for delinquency. Id. at 9. The Commonwealth argues that the juvenile court's decision to discharge M.W.'s Petition frustrated the stated purposes of the Juvenile Act. Id. at 9, 10-11, 16.
¶ 8 Under the Juvenile Act, a juvenile proceeding may commence when a petition is filed indicating a juvenile has committed delinquent acts. See 42 Pa.C.S.A. § 6321(a)(3); see also In re R.D.R., 876 A.2d 1009, 1016 (Pa.Super.2005) (stating that "[a] petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act."). After the filing of a petition, the juvenile court holds an adjudicatory hearing at which evidence on the petition for delinquency is heard. In re R.A., 761 A.2d 1220, 1224 (Pa.Super.2000). "After hearing the evidence on the petition [for delinquency,] the court shall make and file its findings as to whether ... the acts ascribed to the child were committed by him." 42 Pa.C.S.A. § 6341(a). "If the court finds that ... the allegations of delinquency have not been established[,] it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding." Id. Conversely, "[i]f the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent[,] it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed." Id. § 6341(b) (emphasis added); see also In re L.A., 853 A.2d 388, 393 (Pa.Super.2004) (stating that if the charges in the petition for delinquency are substantiated, the juvenile must be adjudicated delinquent).
¶ 9 After the juvenile court has entered an adjudication of delinquency on the record, the court must hold a hearing to determine a disposition which is "consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare[.]" 42 Pa.C.S.A. § 6352(a); see also id. § 6302, cmt. (stating that the determination of whether a child is in need of treatment or rehabilitation is made in a dispositional hearing); In Interest of Bosket, 404 Pa.Super. 265, 590 A.2d 774, 776 (1991) (stating that "if the court finds proof beyond a reasonable doubt that the child committed the acts, it must enter such a finding on the record and proceed to hear evidence of whether the child is in need of treatment, supervision, or rehabilitation."). This disposition should, "as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community[.]" 42 Pa.C.S.A. § 6352(a); see also id. § 6341(b) (stating that "[i]n the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a *623 finding that the child is in need of treatment, supervision or rehabilitation."); id. § 6301(b)(2). "If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding [at this point] and discharge the child from any detention or other restriction theretofore ordered." Id. § 6341(b).[3] Thus, a "delinquent child" is defined as "[a] child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation." Id. § 6302.
¶ 10 In In the Interest of M.M., 870 A.2d 385 (Pa.Super.2005), and Commonwealth v. D.M., 870 A.2d 383 (Pa.Super.2005), this Court applied the above the procedure. In those cases, two juveniles, M.M. and D.M., committed a series of car thefts which resulted in the Commonwealth charging them on eight separate delinquency petitions. M.M., 870 A.2d at 386-87; D.M., 870 A.2d at 383-84. M.M. and D.M. subsequently admitted to numerous felony counts in connection with the eight petitions. M.M., 870 A.2d at 387; D.M., 870 A.2d at 384. The juvenile court entered an adjudication of delinquency as to two of the petitions, and further found that M.M. and D.M. were in need of supervision, treatment and rehabilitation. M.M., 870 A.2d at 387; D.M., 870 A.2d at 384. However, the court deferred adjudication on the remaining six petitions in order for the juveniles to perform community service and make restitution on the two petitions to which they were adjudicated delinquent. M.M., 870 A.2d at 387; D.M., 870 A.2d at 384. Two months later, the juvenile court dismissed the remaining six petitions, finding that the juveniles were no longer in need of any additional supervision, treatment or rehabilitation because the juveniles had received the necessary treatment from the adjudication in the prior two petitions. M.M., 870 A.2d at 387; D.M., 870 A.2d at 384. This Court, after studying the plain language of the Juvenile Act, held that the lower court erred in dismissing the six petitions. M.M., 870 A.2d at 388; D.M., 870 A.2d at 385. Specifically, our Court concluded that the Juvenile Act expressly mandates the juvenile "court to adjudicate a child delinquent when it is proven that the child, in fact, committed the acts which formed the basis of the petition for delinquency." M.M., 870 A.2d at 388; D.M., 870 A.2d at 385. This Court determined that because D.M. and M.M. entered admissions to each of the eight petitions charging them with the felony offenses, the juvenile court erred in entering an adjudication of delinquency on only two of the petitions while dismissing the remaining six petitions. M.M., 870 A.2d at 388; D.M., 870 A.2d at 385.
¶ 11 Based upon the plain language of the Juvenile Act and this Court's holdings in M.M. and D.M., we hold that after a petition for delinquency has been filed, the juvenile court must determine whether the juvenile committed the acts alleged in the petition. If the court finds that the juvenile has committed the acts which underlie the petition, it must enter an adjudication of delinquency on the record. After the entry of an adjudication of delinquency, the juvenile court must then determine whether the child requires *624 treatment, supervision, or rehabilitation so as to protect the public interest.
¶ 12 Here, Judge Frazier-Clemons found that M.W. had committed robbery and criminal conspiracy, the acts which formed the basis of the Petition for delinquency in question. N.T., 8/14/07, at 15. However, the juvenile court did not enter an adjudication of delinquency, and instead deferred adjudication and placed M.W. on interim probation. Id. The juvenile court subsequently dismissed the Petition, finding that M.W. was already slated for supervision, treatment and rehabilitation on a prior Petition. Juvenile Court Opinion, 4/25/08, at 4 (concluding that the court "discharged [the] petition because M.W. had been slated for treatment, supervision, and rehabilitation on the other adjudication."); N.T., 9/5/07, at 9 (stating that petition should be discharged because M.W. "will be adjudicated on the other petition. He will still receive treatment and supervision.").
¶ 13 The juvenile court's action violates the clear language of the Juvenile Act, which expressly requires a court to enter an adjudication of delinquency on the record when it is proven that the child committed the acts which formed the basis for the delinquency petition. See 42 Pa.C.S.A. § 6341(b) (stating that if it is proven that the child committed the acts which formed the basis of the petition for delinquency, the juvenile court must adjudicate a child delinquent and enter such a finding on the record); see also M.M., 870 A.2d at 388; D.M., 870 A.2d at 385. Further, only after the entry of the adjudication of delinquency, the juvenile court would, pursuant to 42 Pa.C.S.A. § 6352(a), conduct a dispositional hearing to determine whether the juvenile needs treatment, supervision or rehabilitation. See In re R.W., 855 A.2d 107, 111 (Pa.Super.2004) (stating that "[t]he Juvenile Act requires the trial judge to consider the protection of the public interest, and to fashion a sentence which is best suited to the child's treatment, supervision, rehabilitation, and welfare, under the individual circumstances of each child's case."). Therefore, the juvenile court erred when it dismissed the Petition without entering an adjudication of delinquency after finding M.W. had committed the acts alleged in the Petition. Accordingly, we vacate the juvenile court's Order and remand for further proceedings.[4] On remand, because *625 the juvenile court previously found that M.W. had committed the acts alleged in the Petition, it must enter an adjudication of delinquency against M.W. on the record; following the entry of this Order, the court must consider M.W.'s need for treatment, supervision, or rehabilitation and enter a dispositional order.[5]
¶ 14 Order vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.
¶ 15 Judge DONOHUE files a Concurring Opinion.
¶ 16 Judge BOWES concurs in the result of the Majority Opinion and joins the Concurring Opinion.
CONCURRING OPINION BY DONOHUE, J.:
¶ 17 I join in the majority's conclusion that the trial court erred in failing to adjudicate M.W. delinquent. I write separately as I do not agree that the Juvenile Act requires an adjudication of delinquency based solely upon a finding by the trial court that the juvenile committed the acts underlying the petition. See Op. at 623.
¶ 18 The plain language of the Juvenile Act defines a delinquent child as "[a] child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation." 42 Pa.C.S.A. § 6302 (emphasis added). As a result, an adjudication of delinquency requires two findings: first, that the child has committed a "delinquent act" alleged in the petition of delinquency; and second, that the child is in need of treatment or rehabilitation. See Official Comment to 42 Pa.C.S.A. § 6302; see also In the Interest of Dreslinski, 254 Pa.Super. 539, 386 A.2d 81, 82 (1978).
¶ 19 The majority quotes only the first sentence of section 6341(b) of the Juvenile Act in support of the proposition that a finding that the child committed the acts complained of in the petition mandates an adjudication of delinquency. Op. at 622. However, this is only one part of the procedure set forth by our Legislature to determine the proper treatment (if any) for children who commit acts that would be considered crimes if they were adults. After determining that the child committed the act complained of beyond a reasonable doubt, the trial court must then, either immediately or at a postponed hearing, receive evidence regarding whether the child is in need of treatment, supervision or rehabilitation. If the juvenile court finds that the child is in need of treatment, supervision or rehabilitation, it must adjudicate the child delinquent and order the appropriate care and treatment in accordance with the purposes of the Juvenile Act. 42 Pa.C.S.A. § 6341(b). "If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or any other restriction theretofore ordered." *626 Id. This statutory language belies the contention that only a finding of guilt is required for an adjudication of delinquency.
¶ 20 Moreover, even in a situation, as here, where a child is found to have committed what would be considered a felony if he was an adult, the juvenile court is not required to impose treatment, supervision or rehabilitation. To the contrary, the language of section 6341(b) states that the commission of a felony is sufficient to sustain a finding that the child is in need of treatment, supervision, or rehabilitation "[i]n the absence of evidence to the contrary...." Id. (emphasis added). This language clearly calls for an evidentiary hearing on the matter, giving rise to a finding of delinquency only in circumstances where "evidence to the contrary" does not exist and a determination that the child is in need of treatment, supervision, or rehabilitation (and consequently an adjudication of delinquency) is therefore proper.
¶ 21 This Court has no discretion to ignore the language of statutes because we are bound to construe the words according to their plain meaning. See 1 Pa.C.S.A. § 1903(a). "It is not a court's place to imbue [a] statute with a meaning other than that dictated by the plain and unambiguous language of the statute." Commonwealth v. Tate, 572 Pa. 411, 413, 816 A.2d 1097, 1098 (2003). We are thus prohibited from making our determination on any basis other than the clear language contained in the aforementioned sections of the Juvenile Act.
¶ 22 We do agree, however, that the result reached by the majority is correct. The trial court found M.W. to have committed the crime as charged and to have been in need of treatment, supervision, or rehabilitation. At that point (and only at that point), the Juvenile Act mandates an adjudication of delinquency and does not allow for the dismissal of the petition. It was therefore improper for the trial court to have dismissed M.W.'s petition on the basis that he was adjudicated on another petition and would be getting the necessary treatment, supervision, and rehabilitation through the other disposition. While the trial court had the discretion to conclude that the treatment, supervision and rehabilitation ordered in the other disposition was sufficient to meet M.W.'s needs, it could only do so after adjudication of M.W. as delinquent in this case. I therefore respectfully concur only in the result reached by the learned majority.
NOTES
[1] See 42 Pa.C.S.A. §§ 6301-6365.
[2] While the juvenile court did not order the Commonwealth to do so, the Commonwealth filed a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement on October 5, 2007. The juvenile court issued an Opinion addressing the Commonwealth's claim raised in its Concise Statement.
[3] We note that the Legislature has provided an alternative, a consent decree, to the procedure set forth above. See 42 Pa.C.S.A. § 6340(a) (stating that "[a]t any time after the filing of a petition and before the entry of an adjudication order, the court may, on motion of the district attorney or of counsel for the child, suspend the proceedings, and continue the child under supervision in his own home, under terms and conditions negotiated with the probation services and agreed to by all parties affected."). However, because the Petition at issue here does not involve a consent decree, we need not address this procedure.
[4] We note that M.W. argues that the Commonwealth's attempt to appeal from the juvenile court's Order violates M.W.'s right against double jeopardy. Brief for Appellee at 7-8. M.W. asserts that he was acquitted of the charges because the juvenile court determined that he was not in need of treatment or supervision on the Petition in question. Id. at 9. However, M.W. mischaracterizes the manner in which the Double Jeopardy Clause is violated under the Juvenile Act. Contrary to M.W.'s assertion, an "adjudication of delinquency" does not encompass both the finding that the juvenile committed the acts and the juvenile's need for further treatment or supervision. Indeed, while the Juvenile Act classifies a juvenile as "delinquent" only after a finding that the juvenile has committed delinquent acts and needs further treatment, the Juvenile Act also clearly states that the juvenile court enters an "adjudication of delinquency" only after it finds that the juvenile committed the acts alleged in the Petition for delinquency. Here, the juvenile court found M.W. had committed robbery and conspiracy but failed to enter an adjudication of delinquency and dismissed the Petition because M.W. did not require further supervision or treatment. M.W. would not be subject to another trial on remand, wherein he would need to defend himself again against the charges filed by the Commonwealth. Therefore, the Double Jeopardy Clause is not implicated in this case, as the juvenile court's dismissal of the Petition after its finding that M.W. had committed robbery and conspiracy was not an acquittal of the charges. See In re A.C., 763 A.2d 889, 891 n. 1 (Pa.Super.2000) (concluding that a juvenile is acquitted for the purposes of double jeopardy when the judge's ruling represents a resolution in the juvenile's favor of some or all of the factual elements of the offenses charged in the petition).
[5] The Commonwealth argues that facts in the record indicate that M.W. requires treatment for his adjudication of delinquency in this case. See Brief for the Commonwealth at 10-11, 13-14, 16. However, because of the procedural posture of this case, namely, that the juvenile court has not entered a proper dispositional order following the entry of the adjudication of delinquency, we need not address this argument. On remand, the juvenile court must determine a proper disposition based upon the individual circumstances of M.W.'s case. If the juvenile court determines that the juvenile does not require further treatment or supervision, it may dismiss the proceedings at that point. See 42 Pa.C.S.A. § 6341(b).