39 A.3d 958

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**In the Interest of M.W., Appellant.**

Supreme Court of Pennsylvania.

Submitted March 22, 2011.

Decided Feb. 21, 2012.

Karl Baker, Karl Lawrence Morgan, Defender Association of Philadelphia, Philadelphia, for M.W.

Hugh J. Burns Jr., Philadelphia District Attorney's Office, Philadelphia, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice TODD.

In this discretionary appeal, we consider whether, under Pennsylvania's Juvenile Act,[1] a juvenile court is required to enter on the record an adjudication of delinquency once it has determined the juvenile committed the acts alleged in the delinquency petition, or whether the court must make an additional finding that the juvenile is in need of treatment, supervision, or rehabilitation, prior to entering an adjudication of delinquency. Upon review, we hold that the Juvenile Act requires a juvenile court to find both (1) that the juvenile has

---

1. 42 Pa.C.S.A. §§ 6301–6365.

committed a delinquent act; and (2) that the juvenile is in need of treatment, supervision, or rehabilitation, before the juvenile court may enter an adjudication of delinquency. Accordingly, we reverse the decision of the Superior Court.

On July 28, 2007, the Commonwealth filed a delinquency petition in the Court of Common Pleas of Philadelphia County against M.W., alleging that he and another youth robbed an individual who had just left a local bar. At an adjudicatory hearing on August 14, 2007, before the Honorable Brenda Frazier–Clemons, the juvenile court found that M.W. committed the delinquent acts of robbery,[2] conspiracy,[3] and related charges. The juvenile court deferred adjudication, however, placing M.W. on interim probation and continuing the matter to September 5, 2007. Later that same day, M.W. was adjudicated delinquent by another juvenile court judge on a separate delinquency petition, which alleged a misdemeanor theft from a motor vehicle,[4] and M.W. was committed to St. Gabriel's Hall for treatment, rehabilitation, and supervision. Thereafter, at the September 5 hearing on the first petition, Judge Frazier–Clemons discharged the delinquency petition stemming from the robbery offense, noting that M.W. "will be adjudicated on the [theft] petition. He will still receive treatment and supervision." N.T. Hearing, 9/5/07, at 9.

The Commonwealth filed a motion for reconsideration, which was denied, and the Commonwealth appealed to the Superior Court, wherein it argued that the juvenile court abused its discretion and violated the requirements of the Juvenile Act by failing to adjudicate M.W. delinquent once it found that M.W. had committed the acts alleged in the delinquency petition. On April 23, 2009, a three-judge panel of the Superior Court reversed. M.W. filed a petition for reargu-

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 903.

4. The Superior Court, in its opinion below, indicates that M.W. was adjudicated delinquent based on "the theft *of* a motor vehicle." *Commonwealth v. In Interest of M.W.*, 994 A.2d 620, 621 (Pa.Super.2010) (emphasis added). According to the record, however, the underlying charge against M.W. was theft *from* a motor vehicle, not the theft of the vehicle itself.

ment *en banc,* which was granted on July 1, 2009, and the Superior Court withdrew its original decision that same day. On April 28, 2010, in a published opinion, the *en banc* panel of the Superior Court reversed and remanded for entry of an adjudication of delinquency against M.W. In doing so, the Superior Court first considered the language of the Juvenile Act, stating:

Under the Juvenile Act, a juvenile proceeding may commence when a petition is filed indicating a juvenile has committed delinquent acts. *See* 42 Pa.C.S.A. § 6321(a)(3).... After the filing of a petition, the juvenile court holds an adjudicatory hearing at which evidence on the petition for delinquency is heard. "After hearing the evidence on the petition [for delinquency,] the court shall make and file its findings as to whether ... the acts ascribed to the child were committed by him." 42 Pa.C.S.A. § 6341(a). "If the court finds that ... the allegations of delinquency have not been established[,] it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding." *Id.* Conversely, "[i]f the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent[,] it *shall* enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed." *Id.* § 6341(b).

After the juvenile court has entered an adjudication of delinquency on the record, the court must hold a hearing to determine a disposition which is "consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare[.]" 42 Pa.C.S.A. § 6352(a).

*Commonwealth v. In Interest of M.W.,* 994 A.2d 620, 622 (Pa.Super.2010) (*en banc* ) (emphasis and alterations original) (case citations omitted).

The court below also considered its prior holdings in the companion cases of *In the Interest of M.M.,* 870 A.2d 385 (Pa.Super.2005), and *Commonwealth v. In the Interest of*

*D.M.*, 870 A.2d 383 (Pa.Super.2005). In those cases, two juveniles committed a series of car thefts which resulted in eight separate delinquency petitions against them. The juvenile court entered adjudications of delinquency on two of the petitions, finding that the juveniles were in need of supervision, treatment, and rehabilitation. The juvenile court deferred adjudication on the remaining six petitions to allow the juveniles to perform community service and make restitution on the first two petitions. Two months later, the juvenile court dismissed the six outstanding petitions, finding the juveniles did not need additional supervision, treatment, or rehabilitation because they had already received the necessary treatment The Commonwealth appealed, and the Superior Court determined that the juvenile court erred in dismissing the six petitions because "the Juvenile Act requires the court to adjudicate a child delinquent when it is proven that the child ... committed the acts which formed the basis of the petition for delinquency." *M.M.*, 870 A.2d at 388; *D.M.*, 870 A.2d at 385.

In the instant case, the Superior Court concluded:

Based upon the plain language of the Juvenile Act and this Court's holdings in *M.M.* and *D.M.*, we hold that after a petition for delinquency has been filed, the juvenile court must determine whether the juvenile committed the acts alleged in the petition. If the court finds that the juvenile has committed the acts which underlie the petition, it **must** enter an adjudication of delinquency on the record. After the entry of an adjudication of delinquency, the juvenile court must then determine whether the child requires treatment, supervision, or rehabilitation so as to protect the public interest.

*M.W.*, 994 A.2d at 623–24 (emphasis original). Thus, the court vacated the juvenile court's dismissal of the delinquency petition and remanded the case to the juvenile court with the instruction that the juvenile court first enter an adjudication of delinquency against M.W. on the record, and then consider M.W.'s need for treatment, supervision, or rehabilitation, and enter a separate dispositional order with respect thereto.

In a Concurring Opinion, Judge Christine Donohue agreed that, in light of the juvenile court's determination that M.W. committed the crime charged and was in need of treatment, supervision, or rehabilitation,[5] the court "erred in failing to adjudicate M.W. delinquent." *Id.* at 625 (Donohue, J., concurring). Judge Donohue disagreed, however, with the majority's determination "that the Juvenile Act requires an adjudication of delinquency based solely upon a finding by the trial court that the juvenile committed the acts underlying the petition." *Id.*[6] Judge Donohue noted that Section 6302 of the Juvenile Act defines a "delinquent child" as "[a] child ten years of age or older whom the court has found to have committed a delinquent act *and* is need of treatment, supervision or rehabilitation," *id.* (emphasis original), and, in accordance with that definition, concluded an adjudication of delinquency requires both a finding that the child has committed the delinquent act alleged in the petition for delinquency, and a finding that the child is in need of treatment or rehabilitation.

Judge Donohue further observed that the majority quoted only the first sentence of Section 6341(b) of the Juvenile Act in support of its determination that the juvenile court is required to enter an adjudication of delinquency upon a finding that the juvenile committed the acts alleged in the petition:

[T]his [sentence describes] only one part of the procedure set forth by our Legislature to determine the proper treatment (if any) for children who commit acts that would be considered crimes if they were adults. After determining that the child committed the act complained of beyond a reasonable doubt, the trial court must then, either immediately or at a postponed hearing, receive evidence regarding whether the child is need of treatment, supervision or

5. Judge Donohue's conclusion that the juvenile court found M.W. in need of treatment, supervision, or rehabilitation appears to be based on the juvenile court's statement that M.W. "was ordered to undergo treatment, supervision and rehabilitation on [the theft] petition which would address his needs and requirements," Trial Court Opinion, 4/25/08, at 3, as the juvenile court did not make an express finding in this regard on the robbery delinquency petition.

6. Judge Mary Jane Bowes concurred in the result of the Majority Opinion and joined Judge Donohue's Concurring Opinion.

rehabilitation. If the juvenile court finds that the child is in need of treatment, supervision or rehabilitation, it must adjudicate the child delinquent and order the appropriate care and treatment in accordance with the purposes of the Juvenile Act. 42 Pa.C.S.A. § 6341(b). "If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or any other restriction theretofore ordered." *Id.* This statutory language belies the contention that only a finding of guilt is required for an adjudication of delinquency.

*Id.* at 625–26.

Finally, Judge Donohue observed that, even where a juvenile is found to have committed an act that would be considered a felony if committed by an adult, the juvenile court is not required to impose treatment, supervision, or rehabilitation in all cases. Rather, she noted Section 6341(b) provides that "in the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation," *id.* at 622–23, suggesting that, where there is evidence that the juvenile does not need treatment, supervision, or rehabilitation, a finding that the child committed the alleged offenses does not require an adjudication of delinquency.

M.W. filed a petition for allowance of appeal with this Court, and we granted review limited to the following issue:

Does the Juvenile Act require a juvenile court to enter on the record an adjudication of delinquency once the court finds that the juvenile has committed the acts alleged in the delinquency petition, or is an additional finding that the juvenile is in need of treatment, supervision, or rehabilitation necessary to enter an adjudication of delinquency?

*Commonwealth v. In Interest of M.W.*, 608 Pa. 140, 10 A.3d 899 (2010) (order).

This appeal requires us to interpret the Juvenile Act; thus, our review is plenary and non-deferential. *See Common-*

*wealth v. Zortman*, 611 Pa. 22, 23 A.3d 519, 523–24 (2011) (questions of statutory construction present pure questions of law, over which our review is *de novo* ). Upon review, we conclude the Superior Court's interpretation of the Juvenile Act was erroneous, and, consistent with the position expressed by Judge Donohue and Judge Bowes below, we hold that a juvenile court must determine (1) that the juvenile committed the delinquent acts alleged; *and* (2) that the juvenile is in need of treatment, supervision, or rehabilitation, before it may enter an adjudication of delinquency.

Under the Juvenile Act, a juvenile proceeding may be commenced, *inter alia*, by the filing of a petition alleging that the juvenile has committed delinquent acts. *See* 42 Pa.C.S.A. § 6321(a)(3). Once a petition has been filed, the juvenile court conducts an adjudicatory hearing at which evidence on the delinquency petition is heard. Pa.R.J.C.P. 401. Within seven days of hearing evidence on the delinquency petition, the juvenile court must determine whether the juvenile committed the acts ascribed to the child. 42 Pa.C.S.A. § 6341(a). If the juvenile court finds that the allegations of delinquency have not been established, it must dismiss the delinquency petition. *Id.* If, however, the court concludes the juvenile committed the delinquent acts alleged in the delinquency petition, it must enter such finding on the record, specifying the particular offense, including the grading and counts thereof, which the juvenile is found to have committed. Upon finding the juvenile committed the delinquent acts ascribed to him, the court must then determine whether the juvenile is in need of treatment, supervision or rehabilitation; it is this requirement, and the implications thereof, which we address further below.

M.W. contends that the Superior Court's determination is inconsistent with the plain language of Section 6341(b) and the definition of delinquent child set forth in Section 6302 of the Juvenile Act. According to M.W., these sections, when read together, require that two conditions be satisfied before a juvenile court may enter an adjudication of delinquency. First, "there must be proof beyond a reasonable doubt that the child has committed a delinquent act," and second, "the

child must be in need of treatment, supervision or rehabilitation." Appellant's Brief at 12 (internal quotations omitted). In support of his argument, M.W. relies on the Superior Court's decision in *In the Interest of Dreslinski,* 254 Pa.Super. 539, 386 A.2d 81 (1978), wherein the court held that both of those conditions must be satisfied. *Id.* at 82.

The Commonwealth, in its brief, does not challenge M.W.'s interpretation of the Juvenile Act. Indeed, the Commonwealth concedes, "[t]he Superior Court's opinion is potentially confusing" due to the manner in which it used the term "adjudication of delinquency," and further acknowledges that the Superior Court's opinion "could lead to misapplication of the law." Commonwealth's Brief at 13–14. Thus, the Commonwealth indicates that it "does not oppose clarification" that "the Juvenile Act does not mandate a finding that a [child] who is found to have committed a delinquent act must, for that reason alone, be found to be a delinquent child." *Id.* at 14 (emphasis omitted). Notwithstanding the Commonwealth's agreement that the Superior Court's language requires clarification, the Commonwealth maintains that "the substance of the Superior Court's ruling need not be disturbed," Commonwealth's Brief at 14, because the juvenile court believed that M.W. was, in fact, in need of treatment, supervision, or rehabilitation. *Id.* at 12 ("[T]he juvenile court discharged the petition without an adjudication of delinquency, not because it believed [M.W.] could do without treatment, supervision, or rehabilitation, but *because another judge had already determined that he was delinquent and committed him to a residential placement appropriate to the facts in that case.*" (emphasis original)).

When interpreting the language of a statute, we are guided by the polestar principle that we must ascertain and effectuate the intent of the General Assembly in enacting the statute. *See* 1 Pa.C.S.A. § 1921(a). In so doing, we must give effect to all of the provisions. *Id.* Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b). Generally, the best indication of the

General Assembly's intent in enacting a statute may be found in its plain language. *Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing,* 588 Pa. 429, 438, 905 A.2d 438, 443 (2006).

■ Regrettably, the Juvenile Act is not a model of clarity. However, when considered in accordance with these well-established principles of statutory construction, we conclude the Juvenile Act requires a juvenile court to find that a child has committed a delinquent act *and* that the child is in need of treatment, supervision, or rehabilitation, before the court may enter an adjudication of delinquency.

Section 6341 provides, in relevant part:

§ 6341. **Adjudication**

(a) **General rule.**—After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child. If the petition alleges that the child is delinquent, within seven days of hearing the evidence on the petition, the court shall make and file its findings whether the acts ascribed to the child were committed by him. . . . If the court finds that the child is not a dependent child or that the allegations of delinquency have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding. . . .

(b) **Finding of delinquency.**—If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses, including the grading and counts thereof which the child is found to have committed. The court shall then proceed immediately or at a postponed hearing, which shall occur not later than 20 days after such finding [7] if the

---

7. Prior to 2002, Section 6341(b) provided: "If the court finds ... the child committed the acts ... it shall enter such finding on the record and it shall then proceed immediately or at a postponed hearing, which shall occur not later than 20 days after *adjudication* if the child is in detention, to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its findings

child is in detention or not more than 60 days after such finding if the child is not in detention, to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its findings thereon.[8] This time limitation may only be extended pursuant to the agreement of the child and the attorney for the Commonwealth. The court's failure to comply with the time limitations stated in this section shall not be grounds for discharging the child or dismissing the proceeding. In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation. If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.

42 Pa.C.S.A. § 6341.

As detailed above, Section 6341 is comprised of several subsections, including subsection (a), captioned "General Rule," and subsection (b), captioned "Finding of delinquency." The first sentence of subsection (b) provides: "If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and shall specify the particular offenses." 42 Pa.C.S.A. § 6341(b). Thus, the court must first make a specific finding as to whether the child committed the acts alleged, and enter that finding on the record.

Pursuant to the second sentence of subsection (b), if the court determines that the child committed the acts alleged in the delinquency petition, the court must, within 20 days if the child is in detention or within 60 days if the child is not in

thereon." 42 Pa.C.S.A. § 6341(b) (2000) (emphasis added). In 2002, the Legislature, *inter alia,* replaced the reference to "adjudication" with "such finding" in 2002. *See* Act of Dec. 9, 2002, P.L. 1705, No. 215, § 3.

8. Neither party in this case suggests that the hearings in this matter were not conducted within the requisite time period.

detention, "hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and [ ] make and file its findings thereon." *Id.* This is a separate and distinct finding from whether the child committed the acts alleged.

The fact that subsection (b) identifies two separate inquiries relevant to a "finding of delinquency" suggests that the juvenile court may adjudicate a child delinquent only if it finds that the child committed the acts alleged *and* that the child is need of treatment, supervision, or rehabilitation. Indeed, the Official Comment to Section 6341 confirms this construction:

> This section is derived from Section 29 of the [Uniform Law Commissioners' Model Juvenile Court Act], where it is noted that, ". . . when delinquency . . . is alleged, the court must find *further* that the child is need of treatment or rehabilitation before the dispositions authorized by the Act can be resorted to."

42 Pa.C.S.A. § 6341 official cmt. (emphasis added).

Moreover, this construction is mandated by the Juvenile Act's definition of "delinquent child" in Section 6302 as "[a] child ten years of age or older whom the court has found to have committed a delinquent act *and* is need of treatment, supervision or rehabilitation." 42 Pa.C.S.A. § 6302 (emphasis added). This definition of "delinquent child" clearly is implicated in Section 6341(b.1), which pertains to the requirements for school notification "[u]pon finding a child to be a delinquent child." 42 Pa.C.S.A. § 6341(b.1).

Finally, our juvenile rules, which are to be construed to effectuate the purposes of the Juvenile Act, *see* Pa.R.J.C.P. 101(C), implement this same two-prong evaluation that a juvenile court must undertake before entering an adjudication of delinquency. Specifically, Rule 408 (Ruling on Offenses) of the Rules of Juvenile Court Procedure, provides in part:

> A. **Entered finding.** Within seven days of hearing the evidence on the petition or accepting an admission under Rule 407, the **court** shall enter a finding by specifying which, if any, offenses, including grading and counts, alleged in the petition were committed by the juvenile.

**B. Did not commit acts.**

(1) If the court finds the juvenile did not commit all of the alleged delinquent acts, the court shall dismiss the petition and release the juvenile, if detained, unless there are other grounds for the juvenile's detention.

\* \* \*

**C. Committed act.** If the court finds that the juvenile committed any delinquent act, the court shall proceed as provided in Rule 409.

Pa.R.J.C.P. 408. Rule 409 of the Rules of Juvenile Court Procedure, titled "Adjudication of Delinquency," then provides, in part:

**A. Adjudicating the juvenile delinquent.** Once the court has ruled on the offenses as provided in Rule 408, the court shall conduct a hearing to determine if the juvenile is in need of treatment, supervision, or rehabilitation.

(1) *Not in need.* If the court determines that the juvenile is not in need of treatment, supervision, or rehabilitation, the court shall enter an order providing that:

(a) Jurisdiction shall be terminated and the juvenile shall be released, if detained, unless there are other reasons for the juvenile's detention; and

(b) Any fingerprints and photographs taken shall be destroyed.

(2) *In need.*

(a) If the court determines that the juvenile is in need of treatment, supervision, or rehabilitation, the court shall enter an order adjudicating the juvenile delinquent and proceed in determining a proper disposition under Rule 512.

(b) The court also shall order the law enforcement agency that submitted the written allegation [to take certain steps].

Pa.R.J.C.P. 409(A). The comment to Rule 409 clarifies that "[t]his rule addresses adjudicating the juvenile delinquent or releasing the juvenile from the court's jurisdiction. This determination is different from finding the juvenile committed a delinquent act under Rule 408." Pa.R.J.C.P. 409 cmt.

■ Our Rules of Juvenile Court Procedure 408 and 409 thus align with and fully support our conclusion that, under the Juvenile Act, in order to adjudicate a child delinquent, the juvenile court must (1) determine that the juvenile has committed a delinquent act, *and* (2) determine that the juvenile requires treatment, supervision, or rehabilitation. A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency.[9]

In light of the above, we are constrained to conclude the Superior Court erred in its interpretation of the Juvenile Act and the requirements for an adjudication of delinquency thereunder. To the extent the Superior Court's decisions in *M.M.* and *D.M.* are inconsistent with our holding, they are hereby disapproved.

Accordingly, we reverse the Superior Court's order directing the juvenile court, upon remand, to enter an adjudication of delinquency against M.W. Instead, the juvenile court should, on remand, first determine whether M.W. is in need of treatment, supervision, or rehabilitation. If the juvenile court finds that M.W. is so in need, only then should the court enter an adjudication of delinquency. If, however, the court concludes that M.W. is not in need of treatment, supervision, or rehabilitation, it should dismiss the proceeding, terminate jurisdiction, and discharge M.W.

Order reversed. Case remanded. Jurisdiction relinquished.

Justices SAYLOR, EAKIN and ORIE MELVIN join the opinion.

Justice BAER files a concurring opinion in which Chief Justice CASTILLE and Justice McCAFFERY join.

9. This is so even where the delinquent act constitutes a felony because, while the commission of such an act presumptively supports a finding that the juvenile is in need of treatment and supervision (and thus can be adjudicated delinquent), the juvenile court must still make that finding after allowing for other evidence. 42 Pa.C.S.A. § 6341(b) ("In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation.").

Justice BAER, concurring.

To the extent the Majority reasons that the Juvenile Act[1] and the Rules of Juvenile Procedure employ a two-step process regarding a child's adjudication of delinquency, I join its opinion in full. I write to express my position that the juvenile court below, and, respectfully, the Majority to a lesser extent, have conflated the procedural mechanism by which juveniles are adjudicated delinquent and then subsequently subject to disposition, and ordered, if necessary, to undergo treatment, supervision, or rehabilitation. My reasoning follows.

As the Majority notes, Rules 408 and 409 of the Rules of Juvenile Procedure explicitly outline that a juvenile court must make two specific findings before adjudicating a child delinquent. First, the court must determine whether, on the petition then before it, a child actually committed a delinquent act. *See* Pa.R.J.C.P. 408(A); 42 Pa.C.S. § 6341(a). This finding must specify "which, if any, offenses, including grading and counts, alleged in the petition were committed by the juvenile." Pa.R.J.C.P. 408(A); *see also* 42 Pa.C.S. § 6341(b). "If the court finds that the juvenile committed any delinquent act, the court shall proceed as provided in Rule 409." Pa. R.J.C.P. 408(C). Only after this initial finding that a juvenile committed a delinquent act, shall a court "conduct a hearing to determine if the juvenile is in need of treatment, supervision, or rehabilitation" (hereinafter "treatment"). *Id.* 409(A). This evaluation regarding a child's need for treatment is distinguishable from the inquiry made at a Section 6352/Rule 512 disposition hearing, which is discussed below. The issue before the court at the Section 6341/Rule 408–409 adjudication of delinquency phase is only whether the child is in need of treatment, in the abstract; rather than what treatment should be provided or is already being provided through a separate source.

Thus, upon the conclusion of the adjudication hearing, the court has two options. If it finds that a child committed a

1. 42 Pa.C.S. §§ 6301–6365.

delinquent act but is not in need of treatment, the court should dismiss the delinquency petition, release the juvenile, and destroy all fingerprints and photographs. *See* Pa.R.J.C.P. 409(A)(1)(a)-(b); 42 Pa.C.S. § 6341(b). If the court finds that the child committed a delinquent act and is in need of treatment, regardless of how or where it might be provided, it shall adjudicate the child delinquent. *See* Pa.R.J.C.P. 409(A)(2); 42 Pa.C.S. § 6341(b). If the court makes such a finding of delinquency, Rule 409(A)(2)(a) specifically directs that it is to proceed to determine the proper disposition under Section 6352/Rule 512.[2]

The importance of this discussion is that Section 6341, and Rules 408 and 409 concern only a juvenile court's inquiry into whether a child committed a delinquent act and whether that act necessitates a theoretical need for treatment. If so, in accord with the Act and the Rules, the child is to be adjudicated delinquent. These provisions do not concern whether the child is already receiving treatment, as was the case in the matter before us.

If the court finds the child delinquent, Rule 409(A)(2)(a) directs it to conduct a "dispositional hearing" pursuant to Section 6352/Rule 512. This hearing, which is distinct from the adjudication proceeding, is where a "court shall enter its findings and conclusions of law into the record" regarding, *inter alia*, the disposition of the child, the reasons for that disposition, the "terms, conditions, and limitations of the disposition," and "whether any evaluations, tests, counseling, or treatments are necessary." Pa.R.J.C.P. 512(D)(1)-(3), (5). Such disposition may include any number of conditions, including probation, commitment to a juvenile detention facility, or maintenance of the child's status quo. 42 Pa.C.S. § 6352(a). Accordingly, it is at this stage, and this stage only, where a juvenile court may look to treatment a delinquent child is already undergoing and determine if that treatment is suffi-

---

2. The Juvenile Act itself contains a latent disconnect in that, unlike Rule 409, the Act contains no specific provision directing juvenile courts to conduct a dispositional hearing following the adjudication of delinquency. Rule 409(A)(2)(a) bridges the gap, however, such that the precise procedure to be followed is clear to the courts.

cient to ameliorate the conditions leading to the current offense.

The importance of keeping adjudication and disposition distinct is exemplified by legislation recently enacted by the General Assembly. Under the provisions of the Adam Walsh Child Protection and Safety Act, newly passed by the legislature, *see* Pub.L. No. 2011–111 (Dec. 20, 2011) (effective Feb. 20, 2012), a juvenile adjudicated delinquent for various sex crimes may be forced to register with the Pennsylvania State Police as a sex offender. *See e.g.* 42 Pa.C.S. § 9799.15(a) (effective Feb. 20, 2012). Likewise, juveniles who are adjudicated delinquent for felony sex offenses are required to submit blood samples for the State DNA Data Base and Data Bank. *See* 44 Pa.C.S. § 2316. In both cases, a court's peculiar disposition is of no relevance to these requirements.

These examples of collateral consequences are provided to emphasize the importance of separating adjudication of delinquency, in accord with Section 6341 and Rules 408 and 409, and disposition, pursuant to Section 6352 and Rule 512. While it may appear cumbersome to consider the abstract need for treatment as part of the adjudication of delinquency process under Section 6341(b)/Rule 409(A), and then consider the actual need for treatment when determining disposition under Section 6352(a)/Rule 512, this is exactly what the law and rules envision.

Although it is entirely understandable how the very busy juvenile court in this case truncated the procedure by considering both the abstract need for treatment component of an adjudication of delinquency and the actual need for treatment component of a disposition, this conflation has the potential to impact the collateral consequences of delinquency, as explained above. I, therefore, respectfully caution our juvenile trial courts to maintain this distinction which, I believe the Majority envisioned, and which is set out with particularity herein.

Chief Justice CASTILLE and Justice McCAFFERY join this opinion.