J-A12012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: | : | IN THE SUPERIOR COURT OF |
| D.S. | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: | : | |
| D.S. | : | No. 83 EDA 2013 |

Appeal from the Order Entered November 16, 2012,
In the Court of Common Pleas of Philadelphia County,
Juvenile Division, at No. CP-51-JV-00003502-2012.


BEFORE:  SHOGAN, STABILE and PLATT*, JJ.

MEMORANDUM BY SHOGAN, J.:                      **FILED JULY 31, 2014**

Appellant, D.S., a minor female, appeals from the order of disposition entered after she was adjudicated delinquent on a charge of possession of a controlled substance.  We vacate and remand.

The trial court summarized the factual history of this case as follows:

> During the course of the hearing held on the Motion to Suppress on November 16, 2012, this Court heard testimony from one (1) witness.  Sergeant Michael Cerruti, Badge Number 8649, testified that he was assigned to the 15th District in the City of Philadelphia when he came into contact with [Appellant] on September 12, 2012, around 1:15 PM on the 4600 block of Oakmont Street.  (Notes of Testimony 11/6/2012, pages 4-5)  The officer identified [Appellant] at the bar of the court and testified that she was the front passenger in a red Dodge which was parked illegally in a driveway during the incident in question.  (Notes of Testimony 11/6/2012, pages 5-7)  Sergeant Cerruti testified that the driver was a male and that both he and [Appellant] were leaning into the radio area of the vehicle when he approached the passenger side of the vehicle.  (Notes of Testimony 11/6/2012, pages 5-6)  Sergeant Cerruti said that he asked [Appellant] [what] she was doing and she replied that it was her friend's car.  (Notes of Testimony 11/6/2012, page 6)

_____
*Retired Senior Judge assigned to the Superior Court.

Sergeant Cerruti testified that [Appellant] appeared young and, since it was during school hours on a weekday, he asked her for identification. (Notes of Testimony 11/6/2012, pages 6-7) Sergeant Cerruti indicated that [Appellant] pulled out her wallet and he saw a bulge inside it. (Notes of Testimony 11/6/2012, page 6) When he asked [Appellant] what was in the wallet, [Appellant] said it was her medication. Sergeant Cerruti then explained that [Appellant] opened a napkin containing fifty (50) blue pills which he immediately confiscated and placed on Property Receipt # 3056216.[1] (Notes of Testimony 11/6/2012, page 6)

Trial Court Opinion, 6/14/13, at 3-4.

Appellant was arrested on September 13, 2012, and charged in a juvenile petition with possession of a controlled substance. On November 16, 2012, Appellant's motion to suppress physical evidence was denied, and she immediately proceeded to trial. The court found that Appellant possessed a controlled substance and adjudicated her delinquent. Appellant was placed on probation. This appeal followed.

Appellant presents the following issue for our review:

1. Did not the juvenile court judge err and abuse his discretion in adjudicating appellant delinquent without inquiring into whether, or making a finding that, appellant was in need of treatment, rehabilitation or supervision?

Appellant's Brief at 3.[2]

---

[1] The fifty pills contained in the napkin were oxycodone, a controlled substance.

[2] We note that the Commonwealth contends that Appellant has not preserved this issue on appeal because she has altered her theory for relief

In her sole issue on appeal, Appellant argues that the juvenile court improperly adjudicated her delinquent. Specifically, she claims that, following her hearing in which she was found to have committed the delinquent act, the court should have held a hearing to determine whether Appellant was in need of treatment, rehabilitation, or supervision. Appellant contends the juvenile court abused its discretion in failing to hear evidence or argument concerning whether she was in need of treatment, rehabilitation, or supervision.

Our standard of review of dispositional orders in juvenile proceedings is settled. The Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions. *In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012). In addition, "[a] petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court." *Id*. (citation omitted). We will

_____

from that presented in her Pa.R.A.P. 1925(b) statement. In her Rule 1925(b) statement, Appellant included the following issue:

> b. The trial court erred and abused its discretion when it ordered that appellant be adjudicated delinquent, insofar as appellant did not meet the statutory criteria for such adjudication, and the court relied upon improper considerations in making its ruling.

Pa.R.A.P. 1925(b) Statement, 1/7/13, at 2. While the issues in Appellant's Rule 1925(b) statement and in her appellate brief appear on their face to be different, they are sufficiently similar for us to conclude that the claim before us was properly preserved.

disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion. ***Commonwealth v. B.D.G.***, 959 A.2d 362, 366-367 (Pa. Super. 2008).

> Indeed, a purpose of the Juvenile Act is as follows:
>
> Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." ***In the Interest of J.C.***, 751 A.2d 1178, 1181 (Pa. Super. 2000).

In ***In the Interest of M.W.***, 39 A.3d 958 (Pa. 2012), our Supreme Court was called upon to interpret the Juvenile Act, 42 Pa.C.S.A §§ 6301-6365, to determine the proper procedure that a juvenile court must follow before reaching a final delinquency adjudication. After reviewing the statutory language and the applicable procedural rules, the Supreme Court held that, in order to adjudicate a child delinquent, the juvenile court must "(1) determine that the juvenile has committed a delinquent act [beyond a reasonable doubt], *and* (2) determine that the juvenile requires treatment, supervision, or rehabilitation." ***M.W.***, 39 A.3d at 966 (emphasis in original).

A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency. *Id*. "This is so even where the delinquent act constitutes a felony because, while the commission of such an act presumptively supports a finding that the juvenile is in need of treatment and supervision (and thus can be adjudicated delinquent), the juvenile court must still make that finding **after allowing for other evidence**." *Id*. at 966 n.9 (emphasis added) (citing 42 Pa.C.S.A. § 6341(b)).

Here, our review of the record reflects that on November 16, 2012, the juvenile court held a hearing on Appellant's motion to suppress physical evidence. N.T., 11/16/12, at 4-11. At the conclusion of the hearing, the juvenile court denied Appellant's motion.

Our review of the record further reveals that at the conclusion of the hearing on the motion to suppress, the juvenile court proceeded to Appellant's adjudication trial. However, the juvenile court did not receive evidence regarding whether Appellant required treatment, supervision or rehabilitation. The following is the complete transcript of what transpired:

> [DEFENSE COUNSEL]: Court's indulgence, Your honor. Your honor, we would be moving forward to trial.
>
> [ASSISTANT DISTRICT ATTORNEY]: Court's indulgence.
>
> (Pause.)

[ASSISTANT DISTRICT ATTORNEY]: The Commonwealth would simply recall Sergeant Cerruti to testify to the property receipt number. I don't recollect if he testified to it.

THE COURT: No, he didn't.

[ASSISTANT DISTRICT ATTORNEY]: All right.

THE COURT: Are we going to fight over this?

[DEFENSE COUNSEL]: I'll stipulate to the number. That's fine.

THE COURT: So the Commonwealth is going to move to amend and include all relevant nonhearsay testimony from the motion and the defense is going to stipulate to the property receipt numbers. Anything else?

[ASSISTANT DISTRICT ATTORNEY]: Oh, and the seizure analysis, Your Honor.

[DEFENSE COUNSEL]: Yes.

THE COURT: Okay. And then the Commonwealth is going to rest?

[ASSISTANT DISTRICT ATTORNEY]: That's correct, yes, Your Honor.

THE COURT: Your turn. So she's guilty of K and I. Let me see this. What's going on with the other case?

[DEFENSE COUNSEL]: Your Honor, that got a court date of, I believe, January in Courtroom F.

THE COURT: Transfer her case out to Delaware County.

[DEFENSE COUNSEL]: Your Honor, I would --

THE COURT: She doesn't live in this county. She lives in Upper Darby, Delaware County.

[DEFENSE COUNSEL]: Why are you adjudicating --

THE COURT: Because she has an open case which proceeded [sic] this case by a significant amount of time. For whatever reason there is not going to -- I'm not getting involved with what goes on over there.

[DEFENSE COUNSEL]: I would ask that you keep her here [rather] than to send her to Delaware County. She's here with her father. Her mother is currently incarcerated. She's in school. She [is] working on getting into drug counseling, Your Honor. I would ask at [this] time that you keep her adjudication deferred.

THE COURT: She would be adjudicated delinquent and placed on probation with random urine test and mandatory school. Case has been transferred to Delaware County.

THE COURT: 12/11.

[DEFENSE COUNSEL]: You have 10 days to ask the Judge to reconsider this decision, 30 days to appeal. Both must be done in writing. Please let me know if you want to file those matters.

N.T., 11/16/12, at 12-14.

The above reflects that the juvenile court did not adhere to the two-step process set forth in **M.W.**. More specifically, although the juvenile court determined that Appellant committed a delinquent act, the juvenile court did not accept evidence or specifically determine that Appellant requires treatment, supervision, or rehabilitation. **See M.W.**, 39 A.3d at 966. Thus, we are constrained to vacate the dispositional order of the juvenile court and remand the case for further proceedings to determine whether Appellant is in need of treatment, supervision, or rehabilitation. If the juvenile court finds that Appellant is so in need, only then should the court enter an

adjudication of delinquency. If, however, the court concludes that Appellant is not in need of treatment, supervision, or rehabilitation, it should dismiss the proceeding, terminate jurisdiction, and discharge Appellant.

Dispositional order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2014