J. S76030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.C.E., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: J.C.E., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1258 EDA 2016 |

Appeal from the Dispositional Order April 8, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-JV-0000045-2016

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 12, 2016**

Appellant J.C.E. appeals from the adjudication of delinquency entered by the Juvenile Division of the Bucks County of Common Pleas on April 8, 2016. He challenges the sufficiency of the evidence supporting the determination that he was in need of supervision. After careful review, we affirm.

On December 4, 2015, when he was seventeen years old, Appellant and a co-conspirator brutally beat a juvenile in the 900 block of Avenue B in Middletown Township, Bucks County. The victim sustained a concussion, a cut near his right eye requiring stitches, swelling in both eyes, and numerous minor lacerations and scrapes on both sides of his face. Several

_____

[*] Former Justice specially assigned to the Superior Court.

students in a nearby school bus videotaped the incident with their cell phones. Appellant was charged with Conspiracy, Simple Assault, Harassment, Disorderly Conduct – Engage in Fighting.[1]

The juvenile court held a non-adversary proceeding on April 8, 2016, at which Appellant admitted to his involvement in the assault, and stated that it had resulted from the victim throwing eggs at Appellant's house, and once wearing a shirt with a confederate flag on it and trying to shake Appellant's hand while "flaunting his shirt." N.T. Hearing, 4/8/16, at 16. The Commonwealth stated that "it would be willing to agree to expunge the incident from Appellant's record if he were to successfully complete the [Youth Service Progress] program." *Id*. at 3.

To assist the court in determining whether he was in need of supervision, Appellant testified that he had turned 18 years old, that he had been expelled from Neshaminy High School during his senior year as a result of the incident, and was attending Brandywine Virtual Academy. He further testified that he works 20 to 28 hours per week at Foot Locker, and that he saw a licensed social worker who prepared an evaluation indicating that he is not "really in need" and does not have "any psychological problems" *Id*. at 8. He further testified that he does not use drugs or alcohol, *id*., and that

---

[1] 18 Pa.C.S. § 903; 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. § 2709(a)(1); and 18 Pa.C.S. § 5503(a)(1), respectively.

"nothing justifies" his involvement in the fight that he "regrets [] every day." *Id*. at 16.

After argument from Appellant's counsel, the court found Appellant to be in need of supervision and adjudicated him delinquent. The court imposed indefinite probation, directed Appellant to complete six ACT[2] weekends as needed, and participate in the Youth Service Progress program, including 30 hours of community service work. The court also directed Appellant to write a letter of apology to the victim and to have no contact with the victim or his family.

Appellant timely appealed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant presents the following question for review: "Did the Juvenile Court err in adjudicating Appellant delinquent?" Appellant's Brief at 3.

Appellant avers that the trial court "erred in determining that [he] was in need of treatment and supervision" because "[a]side from the serious nature of injuries, no evidence was presented by either the Assistant District Attorney or the assigned Probation Officer to demonstrate that any services were warranted, or how the specific case plan adopted was designed to aid the juvenile." *Id*. at 4. He also implies that the court overstated the seriousness of the offenses because the District Attorney "only" charged him with misdemeanors. *See* Appellant's Brief at 7.

---

[2] Assertive Community Treatment ("ACT")

We note the relevant standard of review:

> The Juvenile Act grants juvenile courts broad discretion when determining an appropriate disposition ....  We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion.

*In re T.L.B.*, 127 A.3d 813, 817 (Pa. Super. 2015), *appeal denied,* 138 A.3d 6 (Pa. 2016) (citation omitted).

> Abuse of discretion is defined as:
>
> It is not sufficient to persuade the appellate court that it might have reached a different conclusion; it is necessary to show an actual abuse of the discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Brown*, 134 A.3d 1097, 1105–06 (Pa. Super. 2016), *appeal denied,* 145 A.3d 161 (Pa. 2016).

An adjudication of delinquency requires the juvenile court to find that the juvenile (1) has committed a delinquent act, and (2) is in need of treatment, supervision, or rehabilitation.  *Commonwealth v. M.W.,* 39 A.3d 958, 959 (Pa. 2012).

In the instant case, the trial court addressed Appellant's claim that supervision is not needed as follows:

> We rejected counsel's assertions that due to the 'atypical' characterization of Appellant's conduct in this specific incident that services were not required.  In addition to the need for rehabilitation, supervision and other services related to issues discussed below, the nature of the seriousness of the beating is

sufficient to require treatment in an effort to prevent repeated behavior of that nature.

* * *

At the time of our Adjudication, Appellant raised the issue of the need for supervision and services by urging us to consider the positive nature of [ ] Appellant's family life; his positive work ethic; his lack of a prior criminal history; his educational endeavors and a determination by his psychologist that there was no need for psychotherapy. We took those factors into account but found that the lack of mitigating factors in the attack; the sheer brutality of the attack; the exceptional severity of the physical injuries suffered by the victim; the nature and causative factors that led to the attack; the conspiratorial nature of the attack; the unapologetic, sport-like nature of the attack; as well as that the denigration of the seriousness of the offenses would result in an appearance of condonation and encouragement of future similar behavior, all of which would be to the ultimate detriment of the juvenile and the community. The totality of the circumstances warranted our adjudication of delinquency based on the admitted facts and the demonstrated need for treatment, rehabilitation and supervision for the protection of the [ ] Appellant as well as the protection of the community.

Trial Court Opinion, dated June 9, 2016, at 5-6.

Appellant has not provided any case law to support the same argument that he presented to the trial court, and which the trial court rejected.[3] Our review of the record supports the trial court's disposition and we cannot

---

[3] In fact, Appellant notes that "[s]tudies have shown that adolescents are less likely to consider the consequences of their actions, understanding the perspective of others or restraining impulses," behavior which has been "attribute[d] … to slow development of the frontal lobe in late teens." Appellant's Brief at 9, n.3 (citation to amicus brief filed in **Roper v. Simmons**, 543 U.S. 551, 561 (2005) omitted). Because Appellant is still in his "late teens," the information cited by Appellant actually supports the trial court's conclusion that supervision is needed.

conclude that the trial court's imposition of supervision "overrides or misapplies the law," or that "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Brown***, ***supra***.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016